[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married in Delaware on February 4, 1967 and have four children issue of the marriage, to wit:
-Michelle, born August 29, 1968, now married and living apart.
-Kelly, born August 23, 1971, now residing with the plaintiff while a student at C.C.S.U.
-Mariah, born July 5, 1974, a student at Berlin High School who will turn 18 in approximately three months. She also resides with the plaintiff.
-Timothy, born November 7, 1980, now age 11 who resides with the plaintiff.
No other minor children have been born to the plaintiff wife since the date of the marriage.
No public or state agency is contributing or has contributed to the support of the plaintiff or defendant or their children.
The husband graduated from the University of Delaware with a B.S. degree in Agricultural Engineering and has always been employed in that field. He changed jobs frequently over the years causing the family to move several times. Finally, in 1980, the family followed Mr. Newell to Connecticut where the parties purchased a home at 40 Griswold Drive, Berlin; the wife and three youngest children still live there.
The wife graduated from the University of Delaware with a B.S. in Elementary Education. She taught for one year at the beginning of the marriage but stopped after Michelle was born in 1968. She no longer has a teaching certificate. Between CT Page 6081 1968 and 1984 she stayed at home with the four children; since 1984 she worked part-time as a receptionist and later full time as a secretary. She now earns $11.00 per hour with no benefits as a "glorified" secretary in Berlin.
The defendant has always been employed and changed jobs frequently always to what he considered a higher paying job and/or a better opportunity. At times he lived away from the family due to his employment in New York and Virginia. Most recently (89 to Jan. 92) at ITT-FLYGT in Norwalk, Connecticut at an annual salary of approximately $57,600.00. Currently he is drawing unemployment compensation and seeking new employment.
The court has jurisdiction over the marriage, both parties having resided in the State of Connecticut for over one year prior to the bringing of the action which commenced on June 4, 1990.
The marriage has clearly broken down irretrievably and there is no hope, prospect or chance of a reconciliation and therefore the marriage is hereby dissolved.
After carefully considering the evidence and the financial affidavits in the case and taking into consideration all the criteria set forth in the following sections of the Connecticut General Statutes; Sec. 46b-81 (division of assets); Sec. 46b-82 (alimony); Sec. 46b-56 (custody); Sec. 46b-62 (attorney's fees); and Sec. 46b-84, I enter the orders hereinafter set forth as part of the judgment.
The plaintiff wife is awarded custody of the two minor children with rights of reasonable visitation in the defendant husband.
Support for the minor children is to be $85.00 per week from the date of the hearing until July 5, 1992 when Mariah turns 18 years of age at which time the weekly support order will be reduced to $45.00 per week as long as the defendant remains unemployed. The guidelines have been considered in arriving at this amount and it is arrived at by considering additionally the relative housing expenses of the parties and their overall situations. The defendant husband is ordered to notify the plaintiff forthwith upon any change in his financial or employment situation.
The plaintiff wife is ordered to maintain medical insurance for the benefit of the minor children. The parties are ordered to divide equally all unreimbursed medical, dental or similar expenses including but not limited to any and all CT Page 6082 orthodontic work, prescriptions, psychiatric and counseling expenses for the minor children. The defendant is ordered to reimburse the plaintiff one-half the cost of the medical insurance for the children in addition to the weekly order of support, this order to take effect on his re-employment.
The wife requests attorneys fees in the amount of $10,170.00 and although the courts is fully aware of the fact that the dissolution will leave the plaintiff with resources for which her attorneys fees could be paid without undermining the purposes of the other orders entered, the court will order the defendant to pay $4,170.00 towards her attorneys fees. This amount is awarded to compensate for the extra work incurred by his withdrawals from joint funds and his manipulations of stock which were held in joint names and transferred by his use of forged documents.
The major problems involved in reaching a fair and equal termination of this marriage are the issues arising out of the wife's inheritance from her mother's estate which is somewhere in the neighborhood of $200,000.00 and the entitlement to alimony while one may be described as a distribution of assets and the other the carrying out of a continuing duty to support, they nonetheless are intimately intertwined. The court in reaching its conclusions on both the distribution of assets and the issue of alimony has considered all the criteria set forth in sections 46b-81 and 46b-82 of the Connecticut General Statutes.
The court clearly recognizes that normally an award of alimony for a period of years either as a set amount for a definite period of years or perhaps on a basis of a declining amount from year to year for the same period would be appropriate in a marriage of this duration and respective future earnings capacity. However, the court believes that an equitable and practical solution of the situation can be achieved by ordering the inheritance from her mother's estate to be set aside and distributed fully to the wife and then limiting her alimony to a $1.00 a year for a period of 10 years modifiable only as to amount not term should the need for such a modification arise. The court will then order the balance of the assets of the parties to be divided more or less equally as hereinafter set forth.
The family home at 42 Griswold Drive, Berlin is ordered transferred to the wife and included in her share of the estate. This property has an agreed upon net value of $102,000.00. It is to be transferred subject to the existing mortgage which she shall assume and she is further ordered to make all payments for said mortgage and hold the husband harmless CT Page 6083 thereupon.
All the personalty located at 42 Griswold Drive shall belong to the plaintiff except; as follows: All of the defendant's clothes, tools from Mr. Newell's family (father's, uncle's, grandfather's) and these tools located on a pegboard with exception of tools used to maintain the grounds and all books, papers and degrees belonging to the defendant.
The court orders Mr. Newell to pay over the sum of $15,000.00 from his assets to Mrs. Newell. (This sum is influenced by Mr. Newell's distribution of $30,000.00 during the divorce process to members of his family.) All the remaining assets set forth on Mr. Newell's affidavit and not otherwise dealt with shall remain Mr. Newell's free and clear except for the IDS of Mariah which no longer exists.
The $2,500.00 escrow held by Attorney Sheehan and listed on Mr. Newell's financial affidavit is ordered turned over to Mr. Newell, said amount being in lieu of any share of the household furnishings and in recognition of the likelihood that Mr. Newell will have expenses of furnishing a new residence.
The court orders that the Real Estate Partnerships are to be liquidated and divided equally between the parties as soon as reasonably practical. The court and the parties are aware that this may well take 5 to 10 years. The equal divide shall be of the net proceeds of the sale after all expenses, costs and taxes have been deducted from the sale price of the assets.
The court orders all the remaining assets set forth on Mrs. Newell's affidavit including but not limited to her interest in the estate of Belle Schaefer to be hers free of any and all claim of Mr. Newell.
The court further orders that the cars listed on the plaintiff's and defendant's affidavits shall remain the property of each of the respective parties.
All the remaining debts set forth on the affidavits of the parties shall remain the obligation of each of the parties and they are each ordered to pay said debts and to indemnify and hold harmless each other for all claims arising out of said claims including but not limited to all mortgages, taxes, liens, etc. that may currently or in the future be placed against any item of real estate or personal property assigned herein to each of the parties. CT Page 6084
Both the plaintiff and the defendant are ordered to use their best efforts to obtain and maintain $50,000.00 life insurance policies with the minor children as irrevocable beneficiaries. The title of the cars of each party shall remain as listed and each is ordered to hold the other harmless of any and all charges associated therewith.
The parties are each ordered to pay one-half of the medical bills for the children listed on the plaintiff's financial affidavit. Mrs. Newell is ordered to provide an original bill for each unpaid bill and Mr. Newell is ordered to process said bills for payment as quickly as possible with the unpaid balance to be paid equally. Mr. Newell is further ordered to pay one-half or $99.00 towards Dr. Winship's bill for counseling set forth on Mrs. Newell's, affidavit.
The defendant shall be allowed to claim the minor child Timothy on his income tax return for 1992. The plaintiff on her return for 1993 and each in alternate years thereafter.
In arriving at the orders herein set forth the court decided to divide the assets of the parties (excluding the plaintiff's interest in her mother's estate) on essentially an equal basis.
WILLIAM M. SHAUGHNESSY, JR. JUDGE, SUPERIOR COURT